## MARSHALL GLOVER V. THE STATE.

No. 10569.   Delivered June 24, 1927.

Rehearing denied November 2, 1927.

**1.—Robbery—Bill of Exception—Incomplete—Presents No Error.**

Where appellant complains of the receipt of testimony, that a few moments after the assault, the prosecuting witness declared that the appellant had held him up with a gun, and robbed him, and appellant's bill, complaining of the matter fails to show that the testimony was not res gestae, no error is disclosed.

**2.—Same—Evidence—Immaterial But Not Reversible.**

While testimony that an officer had never arrested prosecuting witness for gambling, was immaterial, its admission does not call for a reversal of the case.

**3.—Same—Argument of Counsel—Held Proper.**

Where, on a trial for robbery, which involved a gambling transaction, the 'statement of prosecuting attorney, in his argument, "Don't let this negro run around on the street, he ought to be in the penitentiary, under the facts of the case," was not improper.

ON REHEARING.

**4.—Same—Evidence—Statements of County Attorney—Not Improper.**

Statements made by prosecuting attorney to the court while presenting his objections to the admission of certain evidence, were not improper, nor do we think the jury could have been deceived or prejudiced by them.

Appeal from the District Court of Brazos County.   Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction for robbery, penalty five years in the penitentiary.

The opinion states the case.

*F. L. Henderson* of Bryan, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for robbery. Punishment fixed at confinement in the penitentiary for a period of five years.

According to the testimony of Manuel Harris, the alleged injured party, he and the appellant engaged in a gambling game called "craps," played with two dice.   The game resulted in favor of Harris, who won some forty dollars or more from the

appellant. After leaving the room, the appellant returned, and by threats of violence forced Harris to return the money. Harris testified that the assault was made with a pistol, while the appellant and his father testified that it was made with a stick of stove wood. Upon the question of the assault and the threat to take the money there was no conflict save as to the weapon used.

Glover claimed that the dice used by Harris were fraudlent and also that he used three dice instead of two, secreting one of them in his coat sleeve. This was denied by Harris.

The issues were properly submitted to the jury. Two special charges were requested but each of them was embraced in the main charge, which submitted to the jury in appropriate language the right of the appellant to take his money if it was taken from him by fraud, false pretext or unfair means.

The bills of exceptions have all been examined. There was no error in receiving the testimony of the officer touching the arrest of the appellant and the property found in his possession.

The complaint in bill No. 2 of the receipt of testimony showing that a few moments after the assault Harris declared that the appellant had held him up with a gun and robbed him does not show error in that it fails to show that the testimony was not res gestae. The court, in its qualification, indicates that it was res gestae.

Bill No. 3 fails to show error and calls for no discussion.

In bill No. 4 it appears that on cross-examination of the appellant, he was asked, in substance, if it was not true that if he had won Harris' money he would have made no complaint. Objection was made, and in a colloquy between the County Attorney and the court, counsel said in substance that he desired the testimony to controvert that of the appellant to the effect that he had lost his money. Neither the question nor the remarks impresses us as being of great weight. It seems obvious that since the complaint of the appellant, as developed by his testimony, was that his money had been taken by Harris by trick or fraud, and that he (the appellant) had used none but fair means, he would not have had any ground for complaint if Harris, and not the appellant, had been the loser. The whole matter seems argumentative but not harmful.

Bill No. 5 to the effect that the officer had never arrested Harris for gambling seems immaterial but not reversible. It was undisputed that Harris was a professional gambler and there was much testimony that his gambling transactions were not straight. The fact that the particular officer had never

arrested him was apparently not error. Moreover, so far as the bill shows, it may have been a proper cross-examination of the witness Conlee, who was a constable and a state's witness.

Bills Nos. 6 and 7 refer to special requested charges to which we have already adverted in this opinion.

Bills Nos. 8 and 9 refer to requests for instructions to disregard the argument. As qualified, bill No. 8 fails to show that any improper argument was made. The complaint in bill No. 9 is that counsel for the state, in appealing to the jury said:

"Don't let this negro run around on the street; he ought to be in the penitentiary, under the facts in this case."

Bill No. 10 complains of substantially the same language. The same is true with reference to bill No. 11. The bills all fail to show error.

The judgment is affirmed.        *Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again insists that the incident complained of in bill of exception No. 4 was prejudicial error demanding reversal. As stated in our original opinion, the matter does not appear to us to have been of serious import. The language of the County Attorney, which is complained of, was a statement of his contention. We think the jury could not have misunderstood or have been prejudiced thereby. Investigation of the other questions does not lead us to believe error was committed in our former affirmance of the judgment.

Appellant's motion for rehearing is overruled.

*Overruled.*